UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEB L MCGILLVARY,<br><br>    Plaintiff,<br><br>  v.<br><br>DAN HAGAN,<br><br>    Defendant. | Case No.  22-cv-07702-RFL<br><br>**ORDER** |

Plaintiff, a New Jersey state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil action pursuant to 28 U.S.C. § 1332 against Defendant Hagan, a private citizen who resides in this District.  Service was ordered on Defendant and the United States Marshall (USM) attempted to serve Defendant at the address provided by Plaintiff.  (Dkt. Nos. 23, 26.)  The USM attempted personal service on two different dates.  (Dkt. No. 26.)  There was no answer at the address and the USM left notices with their contact information.  Defendant has not replied to the USM or the Court.  *Id*.

The USM filed a report documenting their attempts at service that indicated they were unable to locate Defendant and execute the summons.  This report was mistakenly entered into the Court's electronic docketing system as "Summons Returned Executed."  *Id*.  When Defendant had not appeared, Plaintiff filed a motion for entry of default that was declined by the Court Clerk's Office because Defendant still had time to respond to the complaint.  (Dkt. Nos. 28, 29.)

A review of the report filed by the USM reflects that the summons was returned unexecuted, because Defendant could not be served.  (Dkt. No. 26.)  The electronic docket has

1

been changed to indicate that, "Summons Returned as Not Executed." *Id*.  Due to service not being executed it was premature for the Clerk's Office to respond to the motion for entry of default.  Plaintiff cannot file a motion for entry of default until Defendant has been served.

Because Defendant has not been served, Plaintiff must provide additional information so the USM can serve Defendant.  While incarcerated plaintiffs proceeding *in forma pauperis* may rely on service by the USM, "a plaintiff may not remain silent and do nothing to effectuate such service.  At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).  If the USM is unable to effectuate service through no fault of its own (*e.g.*, because the plaintiff failed to provide sufficient information or because the defendant is not where plaintiff claims), and the plaintiff is informed, the plaintiff must seek to remedy the situation or face dismissal.  *See Walker v. Summer*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official), *abrogated on the other grounds* by *Sandin v. Conner*, 515 U.S. 472 (1995).

Within twenty-eight (28) days, Plaintiff must provide additional information regarding service on Defendant Hagan, including Plaintiff's diligent efforts to determine where Defendant Hagan may be currently located and whether Defendant is still at the listed address.  Absent more information from Plaintiff, a lack of sufficient information to effectuate service may result in the dismissal of this Defendant and action pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED.**

Dated: October 7, 2024

RITA F. LIN
United States District Judge