UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEB L MCGILLVARY,<br><br>        Plaintiff,<br><br>    v.<br><br>DAN HAGAN,<br><br>        Defendant. | Case No. 22-cv-07702-RFL<br><br>**ORDER**<br><br>Re: Dkt. Nos. 34, 35 |

      Plaintiff, a New Jersey state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil action pursuant to 28 U.S.C. § 1332 against Defendant Hagan, a private citizen who appears to reside in this District. Service was ordered on Defendant and the United States Marshal (USM) attempted to serve Defendant at the address provided by Plaintiff. (Dkt. Nos. 23, 26.) The USM attempted personal service on two different dates. (Dkt. No. 26.) There was no answer at the address and the USM left notices with their contact information. Defendant has not replied to the USM or the Court. *Id*. Plaintiff was ordered to provide more information so the USM can complete service for Defendant and to describe his efforts to locate Defendant. Plaintiff submitted a filing to the Court.

      Plaintiff states that he searched several internet databases and discovered numerous addresses where Defendant has lived over the years. (Dkt. No. 34 at 2-4.) One address is in Florida, which according to Plaintiff is Defendant's parents' house. (*Id*. at 4.) Plaintiff believes that Defendant has absconded from California and is living in Florida at his parents' house to evade service. (*Id*.) Plaintiff does not provide support for his belief that Defendant is in Florida. Plaintiff also states that he believes Defendant is still domiciled in California despite now staying in Florida, though again provides no support for this assertion. (*Id*.) However, due to Plaintiff proceeding *pro se* while incarcerated, the Court will order the USM to conduct service on the

address in Florida.  Plaintiff's request for Defendant to be served by publication is denied without prejudice.  The Court will consider alternative forms of service once additional attempts of personal service prove ineffective and Plaintiff is provided opportunities to locate Defendant.

      For the foregoing reasons, the Court orders as follows:

      1.      The motions for service and to extend the time for service (Dkt. Nos. 34, 35) are GRANTED.

      2.      The Clerk shall issue a summons and the United States Marshal shall serve Defendant Dan Hagan at 9130 Vineland Ct., Apt. B, Boca Raton, FL 33496, without prepayment of fees, a copy of the First Amended Complaint (Dkt. No. 16) and all attachments thereto, and a copy of this order.  Additionally, the Clerk shall mail a copy of this order to Plaintiff.

      3.      On or before **June 4, 2025**, Defendant shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

          a.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.

      4.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than forty-five (45) days from the date Defendant's motion is filed.

      5.      Defendant shall file a reply brief no later than fifteen (15) days after Plaintiff's opposition is filed.

      6.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

      7.      All communications by the Plaintiff with the Court must be served on Defendant, or on Defendant's counsel once counsel has been designated, by mailing a true copy of the

document to Defendant or Defendant's counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under the Federal Rules of Civil Procedure is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

11. A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). Defendants shall provide the following notice to Plaintiff when they file and serve any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: February 5, 2025

RITA F. LIN
United States District Judge

4