UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEB L MCGILLVARY,<br><br>            Plaintiff,<br><br>      v.<br><br>DAN HAGAN,<br><br>            Defendant. | Case No. 22-cv-07702-RFL<br><br>**ORDER**<br><br>Re: Dkt. Nos. 41, 42 |

      Plaintiff, a New Jersey state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil action pursuant to 28 U.S.C. § 1332 against Defendant Hagan, a private citizen who appears to reside in this District. Service was ordered on Defendant and the United States Marshal (USM) attempted to serve Defendant at the address provided by Plaintiff. (Dkt. Nos. 23, 26.) The USM attempted personal service on two different dates. (Dkt. No. 26.) There was no answer at the address and the USM left notices with their contact information. Defendant has not replied to the USM or the Court. *Id*. Plaintiff was ordered to provide more information so the USM could complete service for Defendant and to describe his efforts to locate Defendant.

      Plaintiff submitted a filing to the Court and stated that he searched several internet databases and discovered numerous addresses where Defendant has lived over the years. (Dkt. No. 34 at 2-4.) One address was in Florida, which according to Plaintiff was Defendant's parents' house. (*Id*. at 4.) Plaintiff believed Defendant had absconded from California and was living in Florida at his parents' house to evade service. (*Id*.) Plaintiff did not provide support for his belief that Defendant was in Florida. Plaintiff also stated that he believed Defendant was still domiciled in California despite now staying in Florida, though again provided no support for this assertion. (*Id*.)

Due to Plaintiff proceeding *pro se* while incarcerated, the Court ordered the USM to conduct service on the address in Florida. (Dkt. No. 36 at 1-2.) The USM attempted to serve Defendant at the Florida location and spoke to his grandmother. (Dkt. No. 39 at 1.) She stated that Defendant had not lived at the location for approximately ten years and indicated that he might be residing in California with mother, Kelle de Rosa. (*Id.*)

Plaintiff submitted a new filing and states that he still believes Defendant is domiciled in California, though he provides no support. (Dkt. No. 41 at 4.) He again requests for Defendant to be served by publication on his TikTok channel. (*Id.* at 5.) However, Plaintiff does not describe any recent efforts to locate Defendant or Defendant's mother based on the information recently provided by the USM. The request for service by publication is denied without prejudice. Plaintiff must provide more information to attempt to serve Defendant who may be residing with his mother, Kelle de Rosa in California. The Court will consider alternative forms of service once additional attempts of personal service prove ineffective and Plaintiff is provided opportunities to locate Defendant.

For the foregoing reasons, the Court orders as follows:

1. The motion for service by publication (Dkt. No. 41) is DENIED without prejudice. Within twenty-eight (28) days, Plaintiff must provide additional information regarding a new service address for Defendant or for Kelle de Rosa. Plaintiff should describe his diligent efforts to determine where Defendant may be currently located and whether Defendant is still at the listed address.

2. The motions to extend the time for service (Dkt. Nos. 42) is GRANTED.

**IT IS SO ORDERED.**

Dated: April 30, 2025

_____
RITA F. LIN
United States District Judge