UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEB L MCGILLVARY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAN HAGAN,<br><br>　　　　Defendant. | Case No. 22-cv-07702-RFL<br><br>**ORDER** |

　　　　Plaintiff, a New Jersey state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil action pursuant to 28 U.S.C. § 1332 against Defendant Hagan, a private citizen who appears to reside in this District.  Service was ordered on Defendant and the United States Marshal (USM) attempted to serve Defendant multiple times at the addresses provided by Plaintiff in California and Florida.  (Dkt. Nos. 23, 26, 39.)  In Florida, the USM spoke to Defendant's grandmother who stated that Defendant had not lived at the location for approximately ten years and indicated that he might be residing in California with his mother.  (Dkt. No. 39 at 1.)  Plaintiff was ordered to provide more information to attempt to serve Defendant at his mother's residence in California.  (Dkt. No. 43 at 2.)  Plaintiff filed a response and indicated that he discovered two addresses for Defendant's mother, Kellee Ann Daroza.  (Dkt. No. 44 at 3-4.)  The USM will be ordered to serve Defendant at the two addresses provided by Plaintiff.

　　　　For the foregoing reasons, the Court orders as follows:

　　　　1.　　The Clerk shall issue a summons and the United States Marshal shall serve Defendant Dan Hagan at 6410 Fuego Way, Elk Gove, CA 95758 and 532 Park Way, South San Francisco, CA 94080, without prepayment of fees, a copy of the First Amended Complaint (Dkt.

1

No. 16) and all attachments thereto, and a copy of this order. Additionally, the Clerk shall mail a copy of this order to Plaintiff.

    2.    On or before **October 9, 2025**, Defendant shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

        a.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.

    3.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than forty-five (45) days from the date Defendant's motion is filed.

    4.    Defendant shall file a reply brief no later than fifteen (15) days after Plaintiff's opposition is filed.

    5.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    6.    All communications by the Plaintiff with the Court must be served on Defendant, or on Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

    7.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under the Federal Rules of Civil Procedure is required before the parties may conduct discovery.

    8.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10. A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). Defendants shall provide the following notice to Plaintiff when they file and serve any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: June 9, 2025

RITA F. LIN
United States District Judge