UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEB L MCGILLVARY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAN HAGAN,<br><br>　　　　　Defendant. | Case No. 22-cv-07702-RFL<br><br>**ORDER**<br>Re: Dkt. No. 53 |

Plaintiff, a New Jersey state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil action pursuant to 28 U.S.C. § 1332 against Defendant Hagan, a private citizen who appears to reside in California. After several unsuccessful attempts at service, the United States Marshal (USM) attempted to serve Defendant at an address in Florida. (Dkt. No. 39.) The USM spoke with an individual who stated that she was Defendant's grandmother and that Defendant had not resided at that address for approximately ten years and that he may be residing with his mother, Kelle de Rosa, in California. (*Id.*) Plaintiff was ordered to provide an address for Kelle de Rosa. (Dkt. No. 43 at 2.) Plaintiff provides two addresses for Kelle de Rosa in California, and the Court ordered the USM to attempt to serve Defendant at both addresses. (Dkt. No. 45 at 1-2.) Service was unexecuted for one address, but for the other address the USM served Defendant's mother with the summons, the complaint, and the order of service. (Dkt. Nos. 48, 50.) Defendant was instructed to file a motion for summary judgment or other dispositive motion by October 9, 2025. (Dkt. No. 45 at 2.) Defendant has not appeared or submitted any filings in this case.

At this time, it is still unclear if Defendant was served. While his mother was served, there is no indication that Defendant still resides at the address, if he ever lived there, or that he

1

received the summons.  Plaintiff has previously filed multiple motions seeking to serve Defendant via publication to Defendant's TikTok account.  (Dkt. Nos. 34, 41.)  Those motions were denied without prejudice; however, the Court has now exhausted efforts to personally serve Defendant.  In his motions, Plaintiff stated that in December 2024, and March 2025, he had viewed the TikTok channel, and Defendant was posting new content, which was obvious from references to current affairs.  (Dkt. Nos. 34 at 5, 41 at 5.)  Plaintiff also stated that each video had a comments section, and it was clear Defendant was reviewing the comments based on Defendant's statements on the website.  (*Id.*)  Plaintiff sought permission to serve by publication by posting a comment on the website alerting Defendant to the lawsuit and that the post was a valid form of service.  (*Id.*)

Federal Rule of Civil Procedure 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  The California Code of Civil Procedure permits "summons [to] be served in a manner which is reasonably calculated to give actual notice to the party to be served."  Cal. Civ. Proc. Code § 413.30.  "Substitute service by publication is 'a last resort' when 'reasonable diligence to locate a person in order to give [them] notice before resorting to the fictional notice afforded by publication' has been exercised."  *Calvert v. Al Binali*, 241 Cal. Rptr. 3d 42, 49-50 (Ct. App. 2018) (quoting *Donel, Inc. v. Badalian*, 150 Cal. Rptr. 855, 858 (Ct. App. 1978)).

Plaintiff last noted that Defendant was active on the TikTok channel in March 2025.  (Dkt. No. 41 at 5.)  While it appears that Defendant's TikTok channel was active nearly one year ago, there is a lack of additional indicia of activity to demonstrate that service via TikTok now is reasonably calculated to reach Defendant.  Plaintiff shall file an updated motion demonstrating that Defendant is actively and frequently using the TikTok channel and reviewing the comments.  Plaintiff must present specific evidence and allegations to support these assertions.  It will be insufficient to simply state that Defendant is discussing current events and reviewing comments,

without a detailed explanation.  Plaintiff shall also describe if he has the ability from his prison to post comments on Defendant's TikTok channel or send him an electronic mail through the TikTok website in order to effectuate alternative service.

Plaintiff also filed a motion for summary judgment and indicated that he sent a copy to Defendant who has not responded.  (Dkt. No. 53.)  It is premature for Plaintiff to seek summary judgment as Defendant has not appeared; therefore, the motion will be denied without prejudice, and the motion may be re-noticed if Defendant appears.

For the foregoing reasons, the Court orders as follows:

1.      The motion for summary judgment (Dkt. No. 53) is DENIED without prejudice. Plaintiff may re-notice the motion if Defendant appears.

2.      By **March 13, 2026**, Plaintiff may file an amended motion for substitute service by publication as discussed above.

**IT IS SO ORDERED.**

Dated: January 27, 2026

RITA F. LIN
United States District Judge