UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEB L MCGILLVARY,<br><br>            Plaintiff,<br><br>      v.<br><br>DAN HAGAN,<br><br>            Defendant. | Case No.  22-cv-07702-RFL<br><br>**ORDER**<br><br>Re: Dkt. Nos. 55, 56 |

Plaintiff, a New Jersey state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil action pursuant to 28 U.S.C. § 1332 against Defendant Hagan, a private citizen who appears to reside in California.  After several unsuccessful attempts at service, the United States Marshal (USM) attempted to serve Defendant at an address in Florida.  (Dkt. No. 39.)  The USM spoke with an individual who stated that she was Defendant's grandmother and that Defendant had not resided at that address for approximately ten years and that he may be residing with his mother, Kelle de Rosa, in California.  (*Id*.)  Plaintiff was ordered to provide an address for Kelle de Rosa. (Dkt. No. 43 at 2.)  Plaintiff provided two addresses for Kelle de Rosa in California, and the Court ordered the USM to attempt to serve Defendant at both addresses.  (Dkt. No. 45 at 1-2.) Service was unexecuted for one address, but for the other address the USM served Defendant's mother with the summons, the complaint, and the order of service.  (Dkt. Nos. 48, 50.) Defendant was instructed to file a motion for summary judgment or other dispositive motion by October 9, 2025.  (Dkt. No. 45 at 2.)  Defendant has not appeared or submitted any filings in this case.

There is still insufficient evidence to determine that Defendant has been served.  While his mother was served, there is no indication that Defendant still resides at the address, if he ever lived there, or that he received the summons.  Plaintiff previously filed multiple motions seeking

1

to serve Defendant via publication to Defendant's TikTok account.  (Dkt. Nos. 34, 41.)  Those motions were denied without prejudice.  However, since the Court exhausted efforts to personally serve Defendant, Plaintiff was ordered file an update with the Court to demonstrate additional indicia of activity to show that service via TikTok was reasonably calculated to reach Defendant.  (Dkt. No. 54.)  He was ordered to show that Defendant was actively and frequently using the TikTok channel and reviewing the comments.  (*Id*. at 2-3.)

Plaintiff filed an update with the Court but stated that, "[a]lthough I was previously able to locate [Defendant] on TikTok, I am no longer able to send messages on that platform due to changes in circumstances beyond my control."  (Dkt. No. 55 at 4.)  Plaintiff now seeks to serve Defendant through e-mail.  (*Id*. at 3-4.)  Plaintiff states that on February 8, 2026, he used a paid subscription to a website that allows people to search for individuals and discovered three e-mail addresses for Defendant.  (*Id*. at 3.)  Plaintiff believes the addresses are current and seeks to serve Defendant through e-mail.  (*Id*. at 3-4.)  He contends that the website aggregates data from online purchases and credit reporting services to provide contact information.  (*Id*. at 3.)

Federal Rule of Civil Procedure 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  The California Code of Civil Procedure permits "summons [to] be served in a manner which is reasonably calculated to give actual notice to the party to be served."  Cal. Civ. Proc. Code § 413.30.

In certain circumstances, service by e-mail is permitted under Rule 4(e)(1) and section 413.30.  In *Steve McCurry Studios, LLC v. Web2Web Marketing, Inc.*, No. 13-80246 WHA, 2014 WL 1877547, at *2  (N.D. Cal. May 9, 2014), plaintiff offered evidence that they tried to serve the defendant in several ways but none of the attempts were successful.  *Id*.  Plaintiff was granted permission to serve the defendant by e-mail, in light of other evidence that the defendant had used the e-mail address four times to communicate with plaintiff's counsel about the case.  *Id*. *See also United Health Services, Inc. v. Meyer*, No. 12-6197 CW, 2013 WL 843698, at *1-2

(N.D. Cal. Mar. 6, 2013) (when other service attempts failed, plaintiff was permitted to serve by e-mail after showing that the defendant had used her e-mail address to send thirty-five messages to plaintiff, including communications concerning their litigation).

Courts also require the plaintiff to show that the e-mail accounts that they seek to serve are active and monitored. *See Delta Faucet Co. v. Watkins*, No. 23-00200 JMS MKK, 2023 WL 2664182, at *3 (S.D. Ind. Mar. 27, 2023) (denying motion to serve via e-mail where plaintiff failed to show they had received an e-mail back from defendant, explaining that the "the mere existence of an email address does not mean service by email will suffice"); *Huang v. Carney*, No. 19-00845 GMN BNW, 2020 WL 8881742, at *4 (D. Nev. Jan. 9, 2020) (finding the plaintiff failed to show that the e-mail addresses provided were valid "by, for example, sending 'test emails that have not bounced back or returned as undeliverable'").

Here, Plaintiff fails to present sufficient information demonstrating that the e-mail addresses are currently valid and monitored or if he has attempted to contact Defendant using the e-mail address. He will be provided an opportunity to file an additional motion addressing these issues. He should also specify if he is able to send e-mails from his institution, and what has prevented him from accessing TikTok (*e.g.*, whether his institution prohibits prisoners from accessing that software to send messages).

For the foregoing reasons, the Court orders as follows:

1.      The motion for alternative service (Dkt. No. 55) is DENIED without prejudice. By **June 29, 2026**, Plaintiff shall file an amended motion as discussed above.

2.      The motion for an extension to serve Defendant (Dkt. No. 56) is GRANTED.

**IT IS SO ORDERED.**

Dated: June 1, 2026

_____
RITA F. LIN
United States District Judge

3