Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

**FILED**

JUL 02 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA



UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Caleb L. McGillvary | ) CIVIL ACTION NO. |
| PLAINTIFF | ) 3:22-cv-07702-RFL |
|  | ) Hon. Rita F. Lin, U.S.D.J. |
| V. | ) MOTION DATE: |
|  | ) To be determined by the Court |
| Dan Hagan | ) (Plaintiff has not been provided |
| DEFENDANT | ) with Court's motion schedule) |
|  | ) |

NOTICE OF MOTION FOR SERVICE BY US MARSHAL

TO: CLERK, ALL CAPTIONED PARTIES

Please take notice that, on a date and time to be determined by the Court, Plaintiff Caleb L. McGillvary ("Plaintiff") hereby moves the Court for an order for service by U.S. Marshal pursuant to 28 U.S.C. 1915 and Fed. R. Civ. P 4.

As grounds for this motion, Plaintiff relies upon his attached ~~motion and~~ declaration.

A proposed form of order is lodged herewith

Date: 6/25/26

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861





FILED

JUL 02 2026

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Caleb L. McGillvary<br>　　PLAINTIFF<br><br>　　V.<br><br>Dan Hagan<br>　　DEFENDANT | ) CIVIL ACTION NO.<br>) 3:22-cv-07702-RFL<br>) Hon. Rita F. Lin, U.S.D.J.<br>) MOTION DATE:<br>) To be determined by the Court<br>) (Plaintiff has not been provided<br>) with Court's motion schedule) |

MOTION FOR SERVICE BY US MARSHAL

　　Caleb L. McGillvary ("Plaintiff"), hereby moves the Court for an order directing the US Marshal to serve Defendant again at his mother's house, this time inquiring with Defendant's mother whether he resided there at the last service attempt, pursuant to 28 U.S.C. 1915 and Fed. R. Civ. P. 4.

　　As grounds for this request, Plaintiff incorporates by reference and relies upon his Declaration in support of this motion, and avers that it shows the following:

　　1.) I am the pro se plaintiff in the above-captioned matter; in which matter it is law of the case that there is a cause of action which exists against Defendant Dan Hagan.

1

2.) Pursuant to the Court's previous orders, I diligently searched public databases for Defendant Hagan, and sent my findings to the Court, who directed the U.S. Marshal to attempt service upon Hagan in Boca Raton, FL. While the Marshal was at the house, they spoke to Defendant's grandmother, who stated to the Marshal that Defendant lived with his mother Kellee Darosa in California. The Marshal returned the summons unexecuted, which was entered on the docket on March 7, 2025. See ECF 39.

3.) Although I was previously able to locate Hagan online, I am no longer able do so, because I am currently incarcerated in a maximum security prison which has severely restricted access to research and law library facilities. I had previously recruited a friend who helped me search for Hagan online and have located him numerous times pursuant to the Court's orders, but my friend stated to me "The Court's giving you an endless runaround because they don't want to hear your claim. I'm not going to keep spending money on this wild goose chase, you're on your own." As a result, I am no longer able to search for Hagan online nor access email or social media with which to serve him by publication.

4.) Notwithstanding the foregoing, the Marsal was able to locate Defendant's address by inquiring to Defendant's grandmother. If the Court directs the Marshal to go to Kellee Darosa's house at the address which they have already served process, and inquire with Kellee as to whether Defendant resided there when they previously served process, I believe in good faith that they will receive an affirmative answer. This will

2

satisfy the Court's need to assure itself that Defendant, elusive though he may be, was properly served in accordance with the Federal Rules and Constitution.

5.) I believe that the foregoing efforts by me and the US Marshal constitute reasonable diligence in attempting to serve process upon Hagan, who is deliberately evading process personally or by mail; and so I respectfully urge the Court to issue an order for service by U.S. Marshal on the elusive Defendant in this case utilizing the same USM-285 forms i previously filed to again serve Kellee Darosa, but this time inquiring with her to make sure Dan Hagan indeed resided at her residence, as the Marshal has previously done in Boca Raton, FL.

This motion is now before the Court.

## LEGAL ARGUMENT

**POINT I: THE COURT HAS ALREADY ORDERED THE MARSHAL TO EFFECT SERVICE OF PROCESS BEFORE, AND THAT THE RESULTS OF INQUIRY BY THE MARSHAL WERE SUFFICIENT CAUSE TO BELIEVE DEFENDANT RESIDED AT HIS MOTHER'S HOUSE, AND PLAINTIFF HAS SHOWN BY AFFIDAVIT THAT HE HAS ACTED WITH REASONABLE DILIGENCE IN LOCATING AND SERVING DEFENDANT DAN HAGAN, SO THE MARSHAL SHOULD RETURN TO DEFENDANT'S MOTHER'S HOUSE AND INQUIRE AS TO DEFENDANT'S RESIDENCE THERE**

It is law of the case that the Court has ordered service by U.S. Marshal upon Defendant.

Plaintiff has shown by affidavit, pursuant to 28 U.S.C. 1746, that he has acted with reasonable diligence to locate and serve Defendant Dan Hagan, yet Hagan has eluded service of process. It was law of the case that the statement of Defendant's

3

grandmother that he resided at his mother's house were sufficient to ascertain his residence there, and his lack of appearance should not constitute valid grounds to overturn the law of the case and require a whole other round of impossible tasks by Plaintiff to locate and serve him. Defendant's need for Due Process should be balanced with Plaintiff's, who has complied with a host of orders and should not lose his day in Court simply because Defendant refuses to show his face. Rather, since the Marshal has already previously inquired during service of process as to Defendant's whereabouts, the Court should order the Marshal to again serve Defendant at his mother's house, but this time inquire as to Defendant's residence there.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully asks the Court to order that Hagan be served by the Marshal at his mother's address, as previously given in USM-285 forms on file.

6/25/26

Respectfully submitted,

_____
Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

4