UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEB L MCGILLVARY,<br>Plaintiff,<br>v.<br>DAN HAGAN,<br>Defendant. | Case No. 22-cv-07702-RFL<br><br>**ORDER TO SHOW CAUSE** |

**INTRODUCTION**

Plaintiff, a New Jersey state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil action against Defendant Hagan, a private citizen. Defendant has not yet been served, but Plaintiff states that he resides in California.[1] (See Dkt. Nos. 41, 54, 57.) All federal claims were dismissed, and this action only continues with California state law claims. (Dkt. No. 23 at 11.) Plaintiff invokes the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. No. 16 at 1-2.)

In *McGillvary v. Netflix*, 2026 WL 1831010, at *3-4 (C.D. Cal. June 22, 2026), the Central District of California dismissed another of Plaintiff's actions without prejudice for lack of jurisdiction and informed Plaintiff that he could refile the case in state court. The case only contained a state law claim. (*Id*. at 1.) The Court found that Plaintiff failed to meet his burden in showing complete diversity jurisdiction existed under Section 1332(a)(2). (*Id*. at 2.) While the Defendant was a citizen of California, Plaintiff is a Canadian citizen and permanent United States resident, who was incarcerated in New Jersey at the time of filing the action. (*Id*. at 2-3.)

[1] The Court will rule on Plaintiff's recent motions regarding alternative service (Dkt. Nos. 58, 58) once the jurisdictional issue is resolved.

The majority of Federal Courts of Appeal have found that a prisoner retains residency in the place where they live prior to incarceration for purposes of diversity jurisdiction. (*Id*. at 2.) Plaintiff admitted that he resided in California prior to his arrest that led to incarceration in New Jersey but failed to meet his burden in showing that he intended to remain in New Jersey after his incarceration and was not domiciled in California. (*Id*. at 3.) No diversity jurisdiction existed because "the district courts shall not have original jurisdiction . . . of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State[.]" (*Id*. at 1 (quoting 28 U.S.C. § 1332(a)(2).))

In the instant case, Defendant similarly resides in California and Plaintiff filed the case while incarcerated in New Jersey. Plaintiff shall **SHOW CAUSE** by **October 14, 2026**, why this case should not be dismissed without prejudice pursuant to issue preclusion or the lack of complete diversity jurisdiction.

## DISCUSSION

### A. Issue Preclusion

Issue preclusion bars the re-litigation of issues that a Court has already adjudicated in a previous proceeding. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). When a federal district court with diversity jurisdiction must "determine the preclusive effect of a prior decision by a different federal district court sitting in diversity, the second court must apply preclusion principles according to the law of the initial court's state." *Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1244 (9th Cir. 2017) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508-09 (2001)).

California's issue preclusion law applies in this case. Under California law, issue preclusion, applies "(1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." *Samara v. Matar*, 5 Cal. 5th 322, 327 (2018) (quoting *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 825 (2015)).

A dismissal for lack of subject matter jurisdiction is not a final judgment on the merits, Fed. R. Civ. P. 41(b), but such dismissal does preclude re-litigation of the jurisdictional issue there presented, in a subsequent action. *See Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992) ("A final determination of lack of subject-matter jurisdiction of a case in a federal court, of course, precludes further adjudication of it."); *Fishel v. Equitable Life Assurance Soc'y of the U.S.*, 307 F.3d 997, 1005-06 (9th Cir. 1995) (holding that where the plaintiffs had a full and fair opportunity to litigate the issue of subject matter jurisdiction before the district court, the district court fully decided the issue, and the judgment had become final, res judicata principles precluded the plaintiffs from relitigating subject matter jurisdiction in a subsequent proceeding).

The Central District dismissed the case without prejudice due to lack of jurisdiction. It appears that all elements of issue preclusion apply to the finding from the Central District's case and Plaintiff is domiciled in California. Thus, complete diversity is lacking, and this case should also be dismissed without prejudice to refiling in state court.

**B. Diversity Jurisdiction**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As the party invoking federal jurisdiction, Plaintiff has the burden of establishing that this case lies within the Court's limited jurisdiction. *See id*. This Court has a *sua sponte* obligation to confirm that it has subject matter jurisdiction. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . .' " (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002))).

A federal district court has diversity jurisdiction under 28 U.S.C. § 1332 if (1) the action is between citizens of a State and citizens or subjects of a foreign state, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(2). However, "the district courts shall not have original jurisdiction . . . of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State[.]" *Id.*

The Ninth Circuit has not yet addressed "whether a prisoner can establish domicile in his place of incarceration for purposes of federal diversity jurisdiction." *United States v. Arango*, 670 F.3d 988, 997 n.7 (9th Cir. 2012).[2] However, "the majority of Federal Courts of Appeal have adopted a rebuttable presumption that a prisoner retains residency in the place where he lived prior to incarceration for the purposes of diversity jurisdiction." *Luna v. Est. of Irigoyen*, 2014 WL 4344804, at *2 (E.D. Cal. Aug. 28, 2014). The presumption can be rebutted in "truly exceptional circumstances." *Jones v. Hadican*, 552 F.2d 249, 251 (8th Cir. 1977). Whether a prisoner has shown that exceptional circumstances exist is an "essentially factual determination"; the prisoner must provide "more than unsubstantiated declarations[.]" *Stifel v. Hopkins*, 477 F.2d 1116, 1126 (6th Cir. 1973).

Even if issue preclusion does not apply, Plaintiff must address the above legal standards and why this case should not be dismissed for lack of complete diversity.

## CONCLUSION

Plaintiff shall **SHOW CAUSE** by **October 14, 2026**, why this case should not be dismissed without prejudice to filing in state court pursuant to issue preclusion or the lack of complete diversity.

**IT IS SO ORDERED.**

Dated: September 9, 2026



RITA F. LIN
United States District Judge

[2] In an unpublished decision the Ninth Circuit held that an inmate's forced relocation due to incarceration does not change his domicile to the state of incarceration, as the inmate lacks freedom to choose his residence and the forced nature of the relocation "does little to evince an intent to make [the state of incarceration] his permanent home." *Johnson v. Johnson*, 615 F. App'x 430, 431 (9th Cir. 2015).